UNITED STATES of America

v.

Denise THOMAS.

Crim. No. 81–371.

United States District Court,
District of Columbia.

Dec. 2, 1981.

William J. O'Malley, Jr., Asst. U. S. Atty., Washington, D. C., for Government.

Stuart F. Johnson, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

OBERDORFER, District Judge.

This case is before the Court on the motion of defendant to dismiss the indictment on the ground that she has been deprived of her Sixth Amendment right to a speedy trial and her Fifth Amendment right to due process of law. She was arrested on October 7, 1980 and on October 29, 1980, for two separate violations of 33 D.C.Code § 702(a) (1973), possession of the drug phenmetrazine. In both cases she was charged and indicted in D. C. Superior Court. A hearing was held on April 9, 1981 on defendant's motion to suppress evidence in the first of these cases, F 5514–80. This motion was denied on May 13, 1981, and a trial date of August 10, 1981 was set. The trial in the second of these cases, F 6051–80, was originally set for June 17, 1981, but was continued due to the unavailability of two police officers and the illness of the defendant,

with a new trial date of September 10, 1981. On May 22, 1981, the defendant's husband, a potential defense witness, died of a drug overdose.

On August 5, 1981, the D.C. Uniform Controlled Substances Act, 33 D.C.Code § 441 *et seq.* was enacted. This had the effect of reducing the offenses with which defendant was charged to misdemeanors and of reducing the maximum penalty for the offenses with which the defendant was charged from ten years in each case to two years in each case. The United States Attorney then offered to accept a guilty plea to two misdemeanor charges, indicating that if the offer were not accepted by August 10, 1981, the case would be prosecuted in federal court. The defendant rejected this offer. On August 10, 1981, in F 5514–80 and on September 10, 1981 in F 6051–80, Superior Court Judge Morrison dismissed the indictments at the request of the United States Attorney so that he could refile these cases in this Court. This was done, by the United States Attorney's own admission, because in his opinion the cases merited felony treatment made unavailable in the District of Columbia by the August 5, 1981 change in the D. C. law. This justification fails to account for the fact that the United States Attorney offered to accept guilty pleas by the defendant to two misdemeanor counts, an offer which the defendant rejected. On September 29, 1981, the present indictment, covering both offenses originally charged in D.C. Superior Court, was filed in this federal court.

■ The test for assessing claims of deprivation of the right to a speedy trial is set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This test involves an *ad hoc* balancing of four factors: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of her right, and (4) prejudice to the defendant resulting from the delay.

■ Here the delay between arrest and trial in both cases is over one year. This fact, while not dispositive, renders the delay suspect and gives defendant's claim *prima facie* merit. *United States v. Jones*, 173

U.S.App.D.C. 280, 524 F.2d 834 (1975). While there is no evidence that defendant asserted her right to a speedy trial before she filed the motion now at issue, there was no occasion for her to do so prior to the decision of the United States Attorney to dismiss the indictments in D. C. Superior Court since the delays incurred prior to that time amounted to less than one year and were not unreasonable on their face. There is no evidence here, as there was in *Barker v. Wingo, supra,* that the defendant did not want a speedy trial for reasons of her own.

In addition, there is a substantial possibility of prejudice to the defendant from the delay here. At the hearing on this motion, defendant and one of her former appointed counsel testified in support of this motion that her husband, a drug user who died of a drug overdose, had possession of her car shortly before the police found the drugs with which she is charged with possessing. While it is possible that her husband would have refused to waive his Fifth Amendment rights or have been otherwise unable or unwilling to testify on her behalf, it is also possible that if he were alive at the time of trial, he would have been able to give exculpatory testimony. Such a possibility is now foreclosed by his death. Similarly, it is possible, though unlikely, that defendant could have found witnesses, evidence, or leads to evidence that someone else was responsible for the drugs which are the basis of Count Two of the indictment and which were found under a tire in a public parking lot.

■ These rather speculative possibilities of prejudice might not weigh so heavily with the Court were the justification for the delay more substantial. However, the Court is persuaded that the most recent portion of the delay is due, at least in substantial part, to what may be fairly characterized as forum-shopping, and may well have been a reaction to defendant's refusal to accept the plea bargain. As the Court of Appeals said in *United States v. Bishton*, 150 U.S.App.D.C. 51, 54, 463 F.2d 887, 890 (1972), "whenever the Government's action at any stage of the proceed-

ing indicates bad faith, neglect, or a purpose to secure delay itself or some other procedural advantage, the resulting delay is not justified." In *United States v. Lara*, 172 U.S.App.D.C. 60, 520 F.2d 460 (1975), the Court of Appeals upheld the dismissal of an indictment where the reason for the delay was the government's desire to refile the case in a more favorable forum. While the delay after the first dismissal was much longer in that case, there was no evidence of prejudice there as there is here. Moreover, the decision in *Lara* to dismiss the indictment and file in another jurisdiction was at least arguably justified by the need to protect potential witnesses. *See* 172 U.S. App.D.C. at 66–67, 520 F.2d at 466–67 (Wilkey, J., concurring). Here, the principal reason for the delay is the government's desire to proceed in the federal system after the District of Columbia reduced the sanction and the defendant refused to plead on the government's terms. The fact that the United States Attorney is the prosecutor in this federal court and in the quasi-state court created by Congress in the District of Columbia does not license the prosecutorial discretion which he exercised and unconstitutionally abused in this case.

The Court concludes that in view of the lack of justification for the government's actions and the possibility of prejudice to the defendant, coupled with the length of the delay, the factors in *Barker v. Wingo, supra*, dictate dismissal of the indictment in this case. For these reasons, and for reasons stated from the Bench on December 1, 1981, it is this 2d day of December 1981 hereby

ORDERED: That defendant's motion to dismiss the indictment herein is GRANTED; and it is further

ORDERED: That the indictment in this case is hereby dismissed, without prejudice to further proceedings in the District of Columbia courts.